UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL WILLIAM NEWELL,

                          Plaintiff,

            -against-

JOSE HERNANDEZ, B&C 8951800318;
CAPT. N. STOKES, SHIELD NO. 953; C.O.
FIRFAIRX, SHIELD NO. 19146,

                          Defendants.

19-CV-4378 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently detained in the Anna M. Kross Center (AMKC) on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his

constitutional rights. By order dated August 7, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Daniel William Newell alleges the following facts. On May 3, 2019, at approximately 6:00 a.m., he was sitting in the day room in AMKC. To Plaintiff's surprise, Defendant Hernandez[2] came from behind and struck Plaintiff in the back of the head with a closed fist, knocking him off his seat. Stunned and dazed, Plaintiff got up from the floor and quickly moved away from Defendant Hernandez, who was standing with closed fists and an angry look on his face. As Plaintiff continued to move away, Defendant Hernandez followed him and chased him around the tables. Plaintiff called out in a loud voice, "C.O., C.O.," and the officer quickly appeared. Defendant Hernandez then changed his posture and acted as if nothing happened. The next day, Defendant Hernandez still wanted to fight and told Plaintiff, "you can't stay, you need to leave." Plaintiff responded that he didn't need to leave.

Plaintiff includes a hand-drawn map of the housing area where the attack occurred. (ECF No. at 6). On this page, he also includes allegations that an air conditioning duct is blocking the cameras, and that the cameras have not been moved. He also states that there is an ongoing investigation into the death of an inmate. It is unclear, however, how the placement of the cameras or the ongoing investigation into this death are related to his claims.

Plaintiff brings this complaint seeking $5,632.08 in monetary damages, and he seeks to have the "Crysis [sic] Invention [sic] Deescalation Team to remove Mr. Hernandez" out the

---

[2] A review of the New York City Department of Correction records reveals that on August 2, 2019, Defendant Hernandez was "released to NY State Prison." *See* http://a073-ils-web.nyc.gov/inmatelookup/ (last visited August 7, 2019).

housing unit. (Comp. at 5.)[3] He asserts that Defendant Hernandez still wants to fight and that he may "calculate a violent outburs[sic]/attack with the cooperation of the correction officers – several of them enjoy the fights." (*Id.*)

## DISCUSSION

### A.   Personal Involvement

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[4]

---

[3] Page numbers refer to those generated by the Court's electronic case filing system.

[4] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

Plaintiff names as Defendants Captain N. Stokes, Shield No. 953, and Correction Officer Firfairx, Shield No. 19146, but he does not allege any facts showing how these Defendants were personally involved in the events underlying his claims. Plaintiff's claims against these Defendants are therefore dismissed without prejudice to Plaintiff's naming them in an amended complaint, if he can allege their personal involvement in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Failure-to-Protect Claim**

To state a failure-to-protect claim, a pretrial detainee must allege that (1) another detainee or other detainees "pos[ed] a substantial risk of serious harm" to him, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and (2) that a correctional employee defendant "acted intentionally to impose the alleged [risk of harm], or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the [ ] detainee even though the defendant-official knew, or should have known, that the [other inmate(s)] posed an excessive risk to [the plaintiff's] health or safety," *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017) (relying on *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).[5]

Plaintiff does not allege any facts showing that any correctional defendant "acted intentionally to impose" the risk of harm or "recklessly failed to act with reasonable care to mitigate the risk." *Id.* at 35. The Court cannot infer from Plaintiff's allegations that any correctional official was deliberately indifferent to his health or safety by failing to take reasonable measures to protect him. Plaintiff does not describe any actions that correctional

---

[5] For pretrial detainees, the standard articulated in *Darnell* applies to *all* types of deliberate indifference claims, including failure-to-protect claims. *Darnell*, 849 F.3d at 33 n.9 ("[D]eliberate indifference means the same thing for each type of claim under the Fourteenth Amendment.").

officials took, or failed to take, that violated his constitutional rights. He fails to set forth any facts showing that a correctional officer knew or should have known, before the attack occurred, of a substantial risk of serious harm that the other inmates posed to Plaintiff, or that any correctional officer acted recklessly in failing to reduce or eliminate the risk of harm. Plaintiff therefore fails state a claim that correctional officials were deliberately indifferent to a substantial risk to his safety. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[6] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[7] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[6] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[7] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-

4378 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     August 19, 2019
           New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
## COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

# IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name       Last Name       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City       State       Zip Code

Defendant 2:

First Name       Last Name       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City       State       Zip Code

Defendant 3:

First Name       Last Name       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City       State       Zip Code

Defendant 4:

First Name       Last Name       Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City       State       Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____